UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HELEN CASSIANI,

    Plaintiff,

v.                                                  Case No:  2:17-cv-196-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

This cause comes before the Court on Plaintiff Helen Cassiani's Complaint filed on April 12, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 17), which sets forth their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1] The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.      **Procedural History**

On March 20, 2012, Plaintiff filed an application for period of disability and disability insurance benefits with an alleged onset date of November 1, 2011. (*See* Tr. at 192). The application was denied initially on June 6, 2012, and upon reconsideration on August 17, 2012. (Tr. at 90, 105). A video hearing was held before Administrative Law Judge ("ALJ") David J. Begley on January 28, 2015. (Tr. at 34-74). The ALJ issued an unfavorable decision on April 21, 2015. (Tr. at 9-32). The ALJ found that Plaintiff had not been under a disability from November 1, 2011, through the date of this decision. (Tr. at 26).

On September 14, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. at 4-9). Plaintiff filed a Complaint (Doc. 1) in this Court on April 12, 2017. Defendant filed an Answer (Doc. 8) on June 19, 2017. The parties filed a Joint Memorandum setting forth their positions on the relevant issues. (Doc. 17). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 14). This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act though December 31, 2016. (Tr. at 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2011, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "sleep apnea, hypersomnolence, mild carpal tunnel syndrome of the right hand, and fibromyalgia." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526)). (Tr. at 20).

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform "light work" except:

> [Plaintiff] can never climb ladders, ropes, or scaffolding; never crawl; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, and crouch; is limited to frequent handling, fingering and feeling with the right dominant hand; must avoid concentrated exposure to extreme heat and cold; must avoid irritants such as fumes, odors, dusts, gases, and poorly ventilated areas; must avoid slippery and uneven surfaces as well as hazardous machinery, unprotected heights, and open flames.

(Tr. at 20-21).

At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as a casino manager, arcade attendant, or retail sales clerk. (Tr. at 26). The ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.*). Additionally, the ALJ found that Plaintiff "performed these jobs for several years, which is sufficient to develop the necessary skills for each position." (*Id.*). The ALJ further found the VE's testimony to be consistent with the DOT, with the exception of her testimony regarding tolerable workplace absences, which is based upon her over 20 years of experience as a vocational rehabilitation consultant. (*Id.*). Ultimately, the ALJ found the VE's testimony to be credible and uncontested. (*Id.*). Thus, the ALJ accepted the VE's testimony in accordance with SSR 00-4p. (*Id.*).

As a final matter, the ALJ noted the VE's testimony that, even if Plaintiff were unable to return to her past relevant work, Plaintiff acquired cashiering and clerical recording skills in her past relevant work that would transfer to other jobs at the sedentary level. (*Id.*). Specifically, the VE opined that Plaintiff could perform work as a check clerk cashier (DOT #211.462-026), which is considered semi-skilled, sedentary work, and of which there are 31,115 jobs in the national economy. (*Id.*).

4

In sum, in comparing Plaintiff's RFC with the physical and mental demands of her past relevant work, [3] the ALJ found that Plaintiff retained the ability to perform it as it was generally performed. (*Id.*). Thus, the ALJ found that Plaintiff had not been under a disability from November 1, 2011, through the date of this decision. (*Id.*).

**D.     Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560;

---

[3]  In comparing Plaintiff's RFC with the physical and mental demands of her past relevant work, the ALJ stated that Plaintiff had past relevant work "as an assembler." (Tr. at 26). The Court believes this was a scrivener's error because the record contains no discussion that Plaintiff was an assembler. In any event, this error was not highlighted by Plaintiff. The Court, therefore, declines to address it here.

5

*accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

**II.    Analysis**

Plaintiff raises three issues on appeal:

1. Whether the ALJ erred by not finding Plaintiff's obesity to be a severe impairment and whether his analysis of Plaintiff's obesity comports with the requirements of SSR 00-2p.

2. Whether substantial evidence supports the ALJ's finding that Plaintiff's mental impairments and knee impairments are non-severe.

3. Whether substantial evidence supports the ALJ's consideration of Plaintiff's subjective complaints of side effects due to medication.

(Doc. 17 at 6, 10, 17). The Court addresses each issue in turn below, beginning with the ALJ's analysis at step two.

**A.    The ALJ's Analysis at Step Two**

Plaintiff first argues that the ALJ erred in evaluating her obesity, mental impairments, and knee impairments at step two because he failed to find these impairments to be severe. (*Id.* at 6-17).

In evaluating this issue, the Court notes that, at step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an

impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the Eleventh Circuit, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Instead, the ALJ is only required to consider a claimant's impairments in combination, whether severe or not. *Id.* If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014) (internal citations omitted).

Here, the ALJ found a number of impairments to be severe at step two. Indeed, at step two, the ALJ found that Plaintiff suffered from the following severe impairments: "sleep apnea, hypersomnolence, mild carpal tunnel syndrome of the right hand, and fibromyalgia." (Tr. at 17). Because the ALJ found at least one condition to be severe, the ALJ satisfied the step two analysis. *See Griffin*, 560 F. App'x at 841-42.

Moreover, so long as the ALJ considered Plaintiff's severe impairments in combination with Plaintiff's non-severe impairments, including her alleged obesity, mental impairments, and knee impairments, any potential error is harmless. *See id.* Here, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of

20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. at 20). Based on this statement and the ALJ's review of the medical record in the ALJ's decision, the Court finds no error because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe in combination. Therefore, any potential error by the ALJ is harmless. *See Griffin*, 560 F. App'x at 841-42.

Furthermore, even though the Court finds that the ALJ did not err at step two, the Court also finds that Plaintiff failed to meet her burden of establishing the presence of any additional work-related limitations relating to her alleged obesity, mental impairments, and knee impairments that were not included in the ALJ's RFC determination.

For instance, as to obesity, an ALJ must consider obesity as an impairment when evaluating a claimant's disability. *See* SSR 02-1p, 2000 WL 628049, at *1 (Sept. 12, 2000). Even though it is the ALJ's responsibility to consider obesity as a medically determinable impairment, a claimant maintains the burden of establishing that her obesity results in functional limitations and that she is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1512(a), (c) (instructing claimant that the ALJ will consider "only impairment(s) you say you have or about which we receive evidence" and "[y]ou must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled"); *Flynn v. Heckler*, 768 F.2d 1273, 1274 (11th Cir. 1985).

In this case, Plaintiff contends that the ALJ failed to consider obesity at step two, in assessing the RFC, or at any other point in the ALJ's decision. (Doc. 17 at 8). Plaintiff points out that several of her "primary medical complaints involve pain affecting her weight bearing joints." (*Id.* (citing Tr. at 53-55, 62, 216)). Plaintiff argues that "[t]he ALJ's failure to consider the impact of obesity on these conditions, which would clearly be exacerbated or caused by obesity, constitutes harmful error." (*Id.*). Indeed, Plaintiff argues that "[i]t negatively impacted

the ALJ's evaluation of the Plaintiff's credibility and resulted in the ALJ failing to include all work-related limitations in the RFC assessment." (*Id.*). As a result, Plaintiff argues that "the RFC is not supported by substantial evidence and the denial of Plaintiff's application cannot stand." (*Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

The Court finds, however, that Plaintiff failed to establish the existence of any additional work-related impairments resulting from her obesity. In support of her argument that the ALJ erred in reviewing her obesity, Plaintiff primarily cites portions of the medical record showing that her body mass index ("BMI") was in the obese range. (Doc. 17 at 7). The Court notes, however, that "[t]here is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment." SSR 02-1p, 2002 WL 34686281, at *4. Moreover, the mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work or undermine the ALJ's determination. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Indeed, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (quoting *McCruter*, 791 F.2d at 1547).

Here, the mere presence of a BMI in the obese range and/or a diagnosis of obesity is insufficient to establish the existence of any additional limitations. *See id.* Furthermore, while Plaintiff alleges that her obesity was a contributing factor to her sleep apnea, narcolepsy, and fibromyalgia, (Doc. 17 at 7-8), Plaintiff has not pointed to any specific medical opinion indicating that her obesity in any way contributes to these conditions. As a result, Plaintiff has not established that her obesity caused any limitations on her ability to work. The Court finds, therefore, that the ALJ did not err by failing to include any limitations relating to her alleged

9

obesity. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (holding that an ALJ is not required to include findings in the hypothetical that the ALJ properly rejected as unsupported).

Similarly, Plaintiff failed to show that the ALJ erred in his review of Plaintiff's mental impairments or knee impairments. Indeed, the record shows that the ALJ expressly considered Plaintiff's mental impairments and knee impairments at step two *and* in evaluating her RFC. In making these findings, the ALJ cited substantial medical evidence of record. In the briefing, Plaintiff failed to show that the ALJ should have included any additional limitations resulting Plaintiff's mental impairments or knee impairments. Instead, Plaintiff essentially only asks the Court to reweigh the evidence, which the Court cannot do. There is no basis on which to conclude that the ALJ erred.

In sum, the record demonstrates that the ALJ properly considered Plaintiff's severe and non-severe impairments at step two. Moreover, even if the ALJ erred in failing to find Plaintiff's mental impairments severe at step two of the sequential evaluation, the error was harmless because the ALJ considered all of Plaintiff's impairments, whether severe or non-severe in determining Plaintiff's RFC. In any event, Plaintiff failed to meet her burden of establishing that any additional work-related limitations relating to her alleged obesity, mental impairments, and knee impairments should have been included in the ALJ's RFC determination. Thus, the Court affirms on this issue.

**B.     The ALJ's Assessment of the Side Effects of Plaintiff's Medications**

The final issue raised by Plaintiff concerns the ALJ's assessment of the side effects of her medication. (Doc. 17 at 17-18).

This issue is essentially a challenge to the ALJ's credibility determination. In looking at the ALJ's credibility determination, the Court notes that to establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ considers in evaluating a plaintiff's subjective symptoms include:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. *The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms*;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3 (emphasis added); *see also* SSR 16-3p, 2016 WL 1119029, at *7 (factors nearly identical to SSR 96-7p); *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Plaintiff takes issue with the ALJ's credibility determination by arguing that the ALJ failed to consider the side effects of her medication. (Doc. 17 at 17-18). Specifically, Plaintiff points to her testimony that "she experienced forgetfulness, constipation, and shakiness, as medication side effects." (*Id.* at 17 (citing Tr. at 47)). Plaintiff states that her tremors and memory impacted her ability to perform her duties at work. (*Id.* (citing Tr. at 64-65)). Plaintiff also states that she experienced sleepiness as a result of her pain medication and alternative therapies such as massage, physical therapy, and exercise were not effective. (*Id.* (citing Tr. at 245)). Plaintiff alleges that the "side effects would result in significant limitations in the Plaintiff's ability to perform basic work activities." (*Id.*).

In reviewing Plaintiff's contentions, however, Plaintiff again only asks the Court to reweigh the evidence the ALJ considered in making his findings. Indeed, Plaintiff expressly notes that "[t]he ALJ acknowledged the Plaintiff's testimony concerning medication side effects." (*Id.* (citing Tr. at 21)). Although Plaintiff argues that the ALJ got his decision wrong, the Court finds that the ALJ's decision is supported by substantial evidence of record.

Indeed, the ALJ stated specific reasons in finding that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. (Tr. at 22-25). For instance, Plaintiff testified that her pain is so severe that she must stay in bed for days at a time. (Tr. at 24). Yet, the ALJ found that Plaintiff had not described similar incidents to any of her doctors. (*Id.*). Similarly, the ALJ cited Plaintiff's conservative treatment as being inconsistent with her alleged disability. (*Id.*). Finally, the ALJ noted Plaintiff's admitted level of activity "belies an inability to perform light-level work as described in the residual functional capacity above." (*Id.*). The Court finds that these reasons provide substantial evidence in support of the ALJ's credibility determination. Moreover, Plaintiff did not rebut any of these reasons given by the ALJ for discounting her credibility.

Even so, Plaintiff argues that the ALJ "did not provide any rationale for rejecting the Plaintiff's reported side effects," and that the objective medical evidence shows that she complained of medication side effects. (Doc. 17 at 18 (citing Tr. at 577)). The record evidence cited by Plaintiff, however, is a self-report. (*See* Tr. at 577). No physician or other acceptable medical source states why Plaintiff's medication was changed. (*See id.*). Given that the ALJ discounted Plaintiff's credibility for other reasons – reasons supported by substantial evidence of record – Plaintiff's self-report is not helpful in disputing the ALJ's credibility finding.

Similarly, Plaintiff argues that her treating physician, Dr. Stens, filled out a report showing that Plaintiff had impaired attention and concentration due to her symptoms and medication side effects. (Doc. 17 at 18 (citing Tr. at 749)). A review of Dr. Stens' report, however, does not reveal that the physician listed *any* side effects from Plaintiff's medications. (*See* Tr. at 749). Indeed, the section regarding side effects from medication is left blank. (*See id.*). Thus, Plaintiff has not shown that the ALJ erred in this regard.

As a final matter, Plaintiff contends that the ALJ mischaracterized her need to stop some of her medications. (Doc. 17 at 18 (citing Tr. at 24)). Plaintiff argues that the ALJ incorrectly drew an adverse inference with respect to the Plaintiff's credibility on this ground because he failed to factor in the Plaintiff's need to change medications due to side effects. (*Id.*). Yet, as noted above, Plaintiff has not cited any medical evidence of record showing that the side effects from her medication caused a need to change her medications other than her self-report. As the Court found above, given that the ALJ discounted Plaintiff's credibility for other reasons, Plaintiff's self-report is not helpful in disputing the ALJ's credibility finding. The ALJ did not err in this regard.

In sum, the question is not whether the ALJ could have reasonably credited Plaintiff's testimony, but whether the ALJ was clearly wrong to discredit it. *See Werner*, 421 F. App'x at 939. Here, the Court finds that the ALJ articulated explicit and adequate reasons for discounting Plaintiff's credibility with substantial supporting evidence of record. *See Wilson*, 284 F.3d at 1225; *Foote*, 67 F.3d at 1562. Indeed, the ALJ cited to substantial objective medical evidence of record in discounting Plaintiff's credibility, including the side effects of her medication. (Tr. at 22-25). Based on the ALJ's extensive citations to the medical evidence of record, the Court cannot find that the ALJ was wrong to discredit Plaintiff. *See Werner*, 421 F. App'x at 939. Thus, the Court finds that the ALJ's credibility determination is supported by substantial evidence of record and, therefore, affirms the ALJ's decision in that regard.

## III.     Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

Accordingly, the Court hereby **ORDERS** that:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 14, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties